■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY FLEISCHMAN, Appellant.— Judgment convicting defendant of the crime of grand larceny in the first degree, reversed, on the law and on the facts, and a new trial directed. Under the rule of *People* v. *Molineux* (168 N. Y. 264) as restated in *People* v. *Dales* (309 N. Y. 97), a majority of the court is of the opinion that on this record the testimony of the witness Van den Heuvel was inadmissible in respect of the crimes charged in this indictment. (On this subject generally, see: *People* v. *Hudson Val. Constr. Co.,* 217 N. Y. 172; *People* v. *Katz,* 209 N. Y. 311; *People* v. *Doty,* 175 N. Y. 164; *People* v. *Peckens,* 153 N. Y. 576; *People* v. *Harris,* 136 N. Y. 423; *Mayer* v. *People,* 80 N. Y. 364; *People* v. *Shulman,* 76 N. Y. 624; *Weyman* v. *People,* 4 Hun 511, affd. 62 N. Y. 623; *Bielschofsky* v. *People,* 3 Hun 40, affd. 60 N. Y. 616; Note, 80 A. L. R., 1307; 2 Wigmore, Evidence [3d ed.], §§ 309–317; 1 Wharton's Criminal Evidence [12th ed.], § 237; 51 Harv. L. Rev. 988.) Moreover, the denial of defendant's motion for leave to reopen the case for the purpose of cross-examining the witness Van den Heuvel and to further cross-examine the complainant Rosenbloom on this record was an improvident exercise of discretion and prejudicial error requiring a new trial. (*People* v. *Ramistella,* 306 N. Y. 379, 384; *People* v. *Benoit,* 2 A D 2d 995.) The prosecution and the defendant rested on February 18, 1960. Defendant's counsel on the same day made known his desire to cross-examine the witness Van den Heuvel which on February 19, 1960 was conveyed to the prosecutor. The trial resumed on February 23, 1960. On said date the court denied the motions of the defendant to strike the testimony of the witness Van den Heuvel and to dismiss the indictment on various grounds. Thereupon defendant moved for leave to cross-examine the witness Van den Heuvel. The prosecutor then stated that although he had left a telephone message on February 19, 1960 for the witness Van den Heuvel, residing in Haverstraw, New York, to attend court on February 23, 1960, she had failed to do so. On this record, in view of the statement by defendant's counsel that he had recently received relevant information affecting the credibility of the said witness and her testimony, the defendant should have been afforded a reasonable opportunity to produce her. In any event, further cross-examination of the complainant, then in court, should have been accorded the defendant for the purpose of exploring her acquaintanceship with Van den Heuvel. Concur — Rabin and Stevens, JJ.; Breitel, J. P., concurs in the result

solely on the ground that the reception of the testimony of witness Van den Heuvel constituted error. McNally, J., concurs in result solely on the ground that the failure to permit recall of the witnesses Van den Heuvel and Rosenbloom was error. Steuer, J., dissents in the following memorandum: Defendant-appellant was convicted of grand larceny in the first degree. As charged in the indictment and proved at the trial, defendant obtained substantial sums of money from a Mrs. Rosenbloom, a widow, by representations that he was investing the money for her in a South American enterprise. There was no such enterprise and defendant never had the intent of investing the money for her. He obtained her confidence by pretending to be desirous of marrying her and seduced her in the process. The first assignment of error is that the court denied defendant the opportunity to cross-examine one of the People's witnesses. This is a very serious error and, if committed, no one would dispute that defendant's rights were affected materially. However, I do not so read the record and in that interpretation I do not stand alone. When the direct testimony of the witness, a Miss Van den Heuvel (about whom more later) was completed, defense counsel moved to strike out her testimony. Decision on the motion was reserved and defense counsel, though afforded the opportunity did not cross-examine and the case proceeded. The motion to strike was later denied. Later, both sides rested. An adjournment of four days, including the week end and a holiday, was taken. In the interim, defendant's counsel notified both the court and the District Attorney that he wished to cross-examine Miss Van den Heuvel as well as another witness. It appeared that Miss Van den Heuvel lived at a distance from the city and had gone home when it appeared that her presence was no longer required. The District Attorney was unable to contact her, and a message to return left at her home was, if received, disregarded by her. Defense counsel cross-examined the other witness and used up the day in so doing. He rested again. The next day he again requested leave to reopen the case to cross-examine Miss Van den Heuvel and further cross-examine the complaining witness. The request was denied as to Miss Van den Heuvel, she being still absent, and was also denied as to the complaining witness who was present. The case went to the jury after summations and charge. Conceded that the court should be scrupulous in the protection of defendant's rights, that concern should not go to the extent of allowing counsel to take over the proceedings and direct them at his pleasure. The court retains discretion as to when counsel should cross-examine and when a case should be reopened. A reasonable latitude should be allowed but not a series of tactics designed to embarrass the orderly prosecution of the case. It must have been apparent that the witness who came from a considerable distance to testify to facts which were embarrassing to reveal was not going to allow the trial to keep her away from home longer than she had to remain. The fact that the witness was unavailable was a serious factor in determining whether the right to cross-examine, once deliberately waived, could be reclaimed. There was no abuse of discretion here. We come next to the question of whether Miss Van den Heuvel's testimony was admissible. She was a waitress who had accumulated some savings. She testified that defendant had induced her to turn these savings over to him under a similar pretext of investing them for her and by pretending a romantic interest in her. Evidence that defendant committed crimes other than those charged in the indictment is, generally, not admissible. And it is certainly not admissible to show a criminal bent or character. But in crimes where intent is an element and the acts themselves may be equivocal, crimes of like character can be shown to prove the intent or motive under which defendant acted (*People* v. *Dales,* 309 N. Y. 97, 101). Crimes in

which the intent to defraud is a necessary element are the typical examples of this exception to the rule (*People* v. *Molineux*, 168 N. Y. 164; *People* v. *Katz*, 209 N. Y. 211; *People* v. *Dales, supra*). In this case the protracted cross-examination of the complaining witness showed the direction of the defense. It was that the funds were given to the defendant in contemplation of marriage rather than being intended for investment. Surely this raised a question of intent. While this evidence might also reflect the intent of the person defrauded in transferring the funds, it does illuminate defendant's intent. "The oftener a like act has been done, the less probable it is that it could have been done innocently." (2 Wigmore, Evidence [3d ed.], p. 215.) Neither claim of error having substance, the judgment of conviction should be affirmed.