■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMINIO AMATO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered January 18, 1977, convicting him of criminal sale of a controlled substance in the fifth degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. BARTHA, JR., Appellant. — Judgment of the County Court, Nassau County, rendered July 26, 1979, affirmed (see *People v Crimmins,* 36 NY2d 230). Mollen P. J., Mangano, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GASKIN, Also Known as RICHARD HUTTER, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered March 23, 1979, convicting him of rape in the first degree, burglary in the first degree and two counts of sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Defense counsel's question, on cross-examination, to Detective Hunt as to whether he asked the defendant if he committed the rape did not open the door for the prosecution to elicit, on redirect of the detective, statements made by the defendant that had been previously suppressed at the *Huntley* hearing. The admission into evidence of such statements was error (see CPL 60.45). However, the subject matter contained in the suppressed statements had been previously testified to by the complaining witness and another witness who related to the jury nearly identical statements made to the complaining witness by the defendant. Based upon this fact and the overwhelming evidence of guilt presented at trial, the error was rendered harmless (see *People v Crimmins,* 36 NY2d 230; cf. *People v Simon,* 75 AD2d 516). Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURTON D. GREEN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURTON GREEN, Appellant. — Appeals by defendant, from (1) a judgment of the County Court, Nassau County, rendered December 18, 1979, and (2) a judgment of the Supreme Court, Suffolk County, rendered January 11, 1980. Judgments affirmed. No opinion. These cases are remitted to the County Court, Nassau County, and the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN HANDLER, Appellant. — Judgment of the County Court, Orange County, rendered December 21, 1979, affirmed. No opinion. This case is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.