■ The People of the State of New York, Respondent, v Jerome Robinson, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered March 22, 1979, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The proof of guilt was overwhelming. However, we view with disfavor the attempt by the prosecutor to subvert the law relative to reasonable doubt by the following statements made in his summation: "I submit to you that the defense is not searching for the truth in this case at all. The defense is searching for reasonable doubt in this case. That's the ticket in this case — a reasonable doubt. That's what he's searching for but I submit to you that is not the law. That's not what a trial is all about. You are not here to search for reasonable doubt. You are here to search for the truth." Aside from the intemperance of these remarks in themselves, they represent an attempt to inappropriately pre-empt the role of the Judge, who is solely charged with the obligation to instruct on the law (see *People v Boulware*, 29 NY2d 135). Fortunately, the Trial Judge properly charged the law relative to reasonable doubt. Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.

■ The People of the State of New York, Appellant, v Clyde Williams, Also Known as William Downey, Respondent. — Appeal by the People from a sentence of the Supreme Court, Kings County (Vetrano, J.), imposed January 21, 1981, upon defendant's adjudication as a second felony offender, the sentence being a term of imprisonment of one and one-half to three years, "concurrent with parole time". Sentence modified, on the law, by deleting the provision that the sentence shall run concurrently with "parole time" and substituting a provision that the sentence shall be served consecutively to "parole time". As so modified, sentence affirmed. (See Penal Law, § 70.25, subd 2-a.) Damiani, J. P., Mangano, Cohalan and Thompson, JJ., concur.