Jeffrey PETERSON, Petitioner,

v.

Joseph KENNEDY, Warden, Mt. McGregor Correctional Facility, Robert Abrams, Attorney General of the State of New York, Respondents.

No. 81–CV–1048.

United States District Court,
N. D. New York.

Feb. 17, 1982.

E. Stewart Jones, Troy, N. Y., for petitioner; Robert M. Cohen, Ballston Lake, N. Y., of counsel.

Robert Abrams, Atty. Gen. of New York, Albany, N. Y., for respondents; Peter G. Favretto, Senior Atty., Albany, N. Y., of counsel.

**MEMORANDUM–DECISION and ORDER**

JAMES T. FOLEY, District Judge.

Petitioner, represented by counsel in this federal habeas corpus proceeding, is presently an inmate of Mt. McGregor Correctional Facility, Wilton, New York. On March 21, 1979, the petitioner was convicted after a trial by jury in the County Court of Albany County of Criminally Negligent Homicide and Driving While Intoxicated. He was sentenced to an indeterminate term of one and one-third years to four years on the homicide conviction and a definite one-year term on the second conviction, the one-year definite sentence to merge with the indeterminate sentence.

After conviction, the petitioner directly appealed to the Appellate Division, Third Department, and also filed in Albany County Court an immediate N.Y. Crim.Pro.L. § 440.10 motion to vacate the judgment of conviction. The petitioner's § 440.10 motion was denied by the County Court. The Appellate Division granted leave to appeal the denial of this motion, which was joined with the direct appeal from the judgment of conviction. The appeals from both were affirmed without opinion by the Appellate Division on October 23, 1980. *People v. Peterson,* 78 A.D.2d 781, 434 N.Y.S.2d 843 (3rd dep't 1980).

Pending the above appeal in the Appellate Division, the petitioner filed a second motion pursuant to Crim.Pro.L. § 440.10 in the Albany County Court. This second motion was denied on September 9, 1980 and leave to appeal to the Appellate Division, Third Department, was denied on October 23, 1980.

Leave to appeal to the New York Court of Appeals from the affirmance of the judgment of conviction and the denial of the original § 440.10 motion was denied after oral argument, with no opinion, on January 12, 1981. *People v. Peterson,* 52 N.Y.2d 905, 437 N.Y.S.2d 1049, 418 N.E.2d 1334 (1981). Petitioner's motion for reargument in the Appellate Division, Third Department, was denied on March 20, 1981.

By Memorandum-Decision and Order dated October 2, 1981, I directed the filing and service of the petition upon the Respondents pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases (28 fol. 2254) in order to obtain answer· or other pleading in response to its allegations. An answer has been filed in opposition to the petition by the Attorney General together with a memorandum of law concluding that the petition should be dismissed. Both sides have attached relevant documents to their submissions, including decisions of the courts involved in the prosecution and appeals in this matter. This court is appreciative of such cooperation.

Petitioner bases his claim for habeas corpus relief on a single ground. The petitioner claims that he was denied his Sixth Amendment right to the effective assistance of counsel during the trial in this matter. To understand this claim a brief review of the facts is necessary.

After jury trial, the petitioner was found to have driven an automobile at an excessive rate of speed while intoxicated. The automobile he was driving was involved in an accident which resulted in the death of the driver of the other automobile. The petitioner's sole defense at trial was that he was not driving the vehicle at the time of the accident. He claims that another occupant in the car, one Warner, was driving. At trial, the only eyewitness to testify that petitioner was driving was Warner. All the other evidence submitted by the prosecution was circumstantial and dealt with the positions of petitioner's and Warner's bodies as found resting in the car immediately after the accident. Petitioner, the only witness for the defense, testified that he was a passenger in the vehicle at the time of the accident and that Warner was driving. No other evidence was presented in his defense.

Petitioner's claim of ineffective assistance of counsel arises from the fact that petitioner's counsel at trial failed to use, or even attempt to use in defense, forensic evidence that had been obtained for possible trial use and was in his possession. The evidence in question was a technical report prepared by a consulting engineering firm claimed by the attorneys for the petitioner as showing that hair samples matching the petitioner's were found in passenger side of the automobile. Petitioner claims that this evidence, not offered at trial, was exculpatory and necessary and important for jury consideration in that it would have corroborated the trial testimony of the petitioner that he was not driving the automobile at the time of the fatal accident, but was a passenger. Petitioner's attorneys claim that trial counsel's failure to offer and utilize this evidence in defense rendered the counsel's assistance ineffective, thereby violating the Sixth Amendment.

## DISCUSSION

At the outset it should be noted that the merits of petitioner's Sixth Amendment claim can be reached in this federal habeas corpus review due to petitioner's satisfactory exhaustion of remedies in state courts. *See* 28 U.S.C. § 2254(b), (c). This exhaustion requirement must be met before the writ of habeas corpus can be granted. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The considerable writing in the Second Circuit as to whether the claim presented in federal habeas corpus was explicitly presented federally in the state courts and whether a state procedural default may bar federal habeas corpus is not in issue under the circumstances presented herein. *See Klein v. Harris*, 667 F.2d 274 (2d Cir. 1981); *Barnes v. Jones*, 665 F.2d 427 (2d Cir. 1981); *Daye v. Attorney General of the State of N.Y.*, 663 F.2d 1155 (2d Cir. 1981), pet. for hearing in banc granted, hearing in banc April 13, 1982; *Gruttola v. Hammock*, 639 F.2d 922, 929–30 (2d Cir. 1981); *Washington v. Harris*, 650 F.2d 447 (2d Cir. 1981); *Forman v. Smith*, 633 F.2d 634 (2d Cir. 1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981); *Twitty v. Smith*, 614 F.2d 325 (2d Cir. 1979); *Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979). *See also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ It has long been recognized that the Sixth Amendment right to counsel is the "right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The standard applied in the Second Circuit for determining the effectiveness of counsel is that set forth in *United States v. Wight*, 176 F.2d 376, 379 (2d Cir. 1949), *cert. denied*, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). The representation must be such "as to make the trial a farce and mockery of justice. . . . A lack of assistance of counsel must be of such a kind as to shock the conscience of the Court." Several recent cases in the Second Circuit have re-affirmed this standard. *See United States v. Helgesen*, 669 F.2d 69, 71 (2d Cir. 1982); *United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980); *Indiviglio v. United States*, 612 F.2d 624 (2d Cir. 1979); *Twitty v. Smith*, 614 F.2d 325 (2d Cir. 1979). *See also, Barnes v. Jones, supra*, 665 F.2d at 431.

It should be noted that the other federal circuits and New York State do not follow the Second Circuit's standard for determining effectiveness of counsel. The newer, less stringent standard applied is along the lines of a "reasonable competence" test. *See Barnes v. Jones, supra*, at 431, n.4. And, in fact, the "farce and mockery" standard has been criticized and the Second Circuit has been urged within its own Panels to adopt a "reasonable competence" test. *See Indiviglio v. United States, supra*, at 632 (Mansfield, J., dissenting); *Brinkley v. LeFevre*, 621 F.2d 45, 48 (2d Cir.) (Weinstein, J., dissenting), *cert. denied*, 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980).

In the present case, the "farce and mockery" standard must be used to determine whether petitioner's counsel acted incompetently and ineffectively in violation of the Sixth Amendment by failing to even attempt to utilize forensic evidence in his possession in order to present petitioner's defense. It is my judgment that on the facts in this case petitioner was not denied the effective assistance of counsel. The court concludes that this same conclusion would be reached under either standard.

■ After a careful review of the trial transcript in petitioner's case, it appears that trial counsel was knowledgeable and experienced in criminal law and procedure. Petitioner has not alleged that his counsel did not adequately prepare or investigate the case. In his defense of petitioner, counsel made a pre-trial motion for suppression of evidence, made satisfactory opening and closing statements, cross-examined prosecution witnesses, made adequate objections to certain evidence admitted, and called the petitioner as his own witness for the defense. The fact that he failed to use forensic evidence of whatever value in the defense of petitioner appears to have been part of the trial strategy adopted by counsel.

This court will decline "to evaluate the propriety of trial counsel's actions with the aid of the refractive correction of hindsight." *Jones v. Estelle*, 632 F.2d 490, 492 (5th Cir. 1980), *cert. denied*, 451 U.S. 916, 101 S.Ct. 1992, 68 L.Ed.2d 307 (1981). Counsel's decision, and I so find here, falls within "the amorphous zone known as 'trial strategy' or 'judgment calls'", *id.*, which will not be second guessed by this Court. *United States v. Helgesen, supra*, at 186; *United States v. Aulet, supra*, at 189. Expert evidence, its advisability and the worth of its content for jury consideration, is particularly subject to "judgment call" by trial counsel. "A lawyer must be able to determine questions of strategy during trial; and unless there are exceptional circumstances or unless the lawyer is so incompetent as to deprive the defendant of the right to assistance of counsel, his decision regarding trial strategy must be binding." *Cruz v. LaVallee*, 448 F.2d 671, 679 (2d Cir. 1971), *cert. denied*, 406 U.S. 958, 92 S.Ct. 2064, 32 L.Ed.2d 345 (1972). It is well settled that lawyers as advocates must be given some latitude in making decisions at trial as to what evidence will be introduced. *See United States v. Helgesen, supra*. Accordingly, the fact that counsel's strategy in this instance did not lead to petitioner's acquittal does not persuade this Court that the decision of counsel in regard to one item of

evidentiary material deprived petitioner of the effective assistance of counsel in violation of a constitutional right.

For the foregoing reasons, the petition for a writ of habeas corpus is denied and dismissed.

It is so Ordered.