■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered February 20, 1981, convicting him of robbery in the first degree, criminal possession of stolen property in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The instant case is one where the proof of defendant's guilt is so overwhelming as to render harmless the errors committed at trial and complained of on this appeal (see *People v Crimmins,* 36 NY2d 230). On January 6, 1979, a man (later identified as defendant), armed with a loaded shotgun, together with a woman, entered and committed a robbery at a supermarket on Hollis Avenue in Queens. After

taking the cash register receipts totaling about $300, the two left the store and got into a green car which was waiting in the parking lot and contained two other people. The store manager followed the perpetrators as they left the store, and saw them enter the green car. Just as the car was leaving, a police car arrived. The manager entered the police car and an immediate chase ensued. There was testimony at trial establishing that defendant's car was constantly in view of the police. The car was stopped and the occupants brought back to the store, at which time defendant was identified by several witnesses as the man who perpetrated the robbery. At the precinct, he made and signed a statement confessing to the crime. At trial, both the store manager and a cashier positively identified defendant as the perpetrator. Defendant was found guilty after trial of all three counts of the indictment. On appeal, defendant argues, *inter alia,* that the prosecutor's conduct during summation deprived him of a fair trial, in that he vouched for his own witnesses, called defendant a liar, asserted that defense counsel was searching for a reasonable doubt, and introduced unsworn evidence not in the record. Initially we note that the courts have repeatedly condemned such conduct on the part of prosecutors (see *People v Ashwal,* 39 NY2d 105; *People v Shanis,* 36 NY2d 697; *People v Robinson,* 83 AD2d 887; *People v Richards,* 78 AD2d 664), and we reaffirm that position here. However, at bar, many of the comments were responses to similar conduct by defense counsel (see *People v Marks,* 6 NY2d 67). Moreover, the court's charge on reasonable doubt rendered harmless the error relative to defense counsel's " 'searching for [a] reasonable doubt' " (see *People v Robinson, supra*). Finally, trial counsel's failure to object to some of the comments of which complaint is now made precludes appellate review in the absence of an exercise of discretion in the interest of justice. In view of the overwhelming evidence of guilt, we decline to so exercise our discretion. We note as well that there was improper bolstering of the identification testimony of the two trial witnesses, as asserted by defendant in his *pro se* brief (see *People v Trowbridge,* 305 NY 471). However, although the bolstering testimony was improperly admitted, in view of the strength of the identification testimony (see *People v Jackson,* 54 AD2d 585), as well as the overwhelming evidence of guilt, the error must be deemed harmless (see *People v Crimmins,* 36 NY2d 230, *supra*). We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Niehoff, Rubin and Boyers, JJ., concur.