■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY COOK, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 11, 1982, convicting him of robbery in the first degree, robbery in the second degree, burglary in the second degree, and sodomy in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. ¶ Following a *Sandoval* hearing (*People v Sandoval*, 34 NY2d 371), the court precluded the People from questioning defendant with regard to his two prior convictions. The court did rule, however, over objection, that defendant could be questioned with regard to prior bad acts, including his suspension from the United States Postal Service for falsifying his employment application. On redirect examination, after the fact of defendant's suspension had been brought out on cross-examination, defense counsel elicited from defendant that an appeal of the suspension was then pending. Thereafter, on re-cross-examination, the prosecutrix, on the theory that defense counsel had opened the door, was permitted to question defendant extensively, over repeated objections, as to whether the charged falsification of defendant's employment application had been based upon his failure to disclose his prior criminal record. As the People concede on this appeal, the brief questioning by defense counsel on redirect examination regarding the pending appeal of defendant's suspension from his employment did not open the door to questions regarding his prior criminal record (see *People v Melendez*, 55 NY2d 445), and defendant should have been shielded by the court from such questioning on the basis of its earlier *Sandoval* ruling. ¶ The People also concede that it was error for Criminal Term to have permitted the prosecutrix to reopen cross-examination after the summations to impeach defendant's credibility by questioning him as to his prior convictions. While the statutory order of trial in a criminal case is not inviolate and may be altered in the court's discretion and in the furtherance of justice (CPL 260.30; see *People v Olsen*, 34 NY2d 349), in this case it was an abuse of discretion to permit the testimony to be reopened. The entire issue of defendant's past criminal record had, in the first instance, been improperly interjected into the case in contravention of the court's *Sandoval* ruling. The reopening of the case for this limited purpose served only to highlight the issue and further exacerbate the possible prejudicial effect. Defense counsel's comment in summation that there was no evidence in the record that defendant was convicted of any

crime, to which no objection was taken, was an apparent effort to minimize the prejudicial effect of the improperly permitted questioning regarding defendant's prior record and did not warrant further inquiry in this area. ¶ While conceding error, the People argue that these errors were harmless. We disagree. This case turned on the jury's assessment of the credibility of the complaining witness as against the credibility of the defendant and his alibi witnesses. Defendant was entitled to rely upon the court's *Sandoval* ruling in deciding whether to testify on his own behalf. Therefore, under the circumstances, we cannot say that these errors were harmless (*People v Crimmins,* 36 NY2d 230). ¶ Moreover, further error occurred when the court, over objection, failed to strike the testimony of the arresting officer regarding a conversation she had had with the complaining witness about a photographic identification. This testimony constituted not only improper bolstering of the complaining witness' identification of defendant (*People v Trowbridge,* 305 NY 471; *People v Hall,* 82 AD2d 838), but also contravened the prohibition against introducing evidence of prior photographic identifications of a defendant (CPL 60.25, 60.30; *People v Griffin,* 29 NY2d 91). Again, under the circumstances of this case, this error cannot be deemed harmless (cf. *People v Jones,* 89 AD2d 875). ¶ We have examined defendant's other contentions and find them to be without merit. Titone, J. P., Gibbons and Brown, JJ., concur.

Mangano, J., dissents and votes to affirm the judgment of conviction, with the following memorandum: The majority is of the view that three instances of prejudicial error were committed during the trial which mandate a reversal of the judgment convicting defendant of robbery in the first degree, robbery in the second degree, burglary in the second degree, and sodomy in the first degree. ¶ I respectfully disagree. ¶ Defendant's conviction rested on the positive in-court identification of the defendant by the victim, who also identified the defendant at a pretrial lineup several weeks after the incident. The record indicates that the victim's in-court identification of the defendant as her assailant was based on her observation of the defendant during the commission of the crimes for a continuous 20-minute period at extremely close range. The victim described the defendant to the police shortly after the incident as having crooked and rotted teeth. This description was corroborated by the arresting detective who noticed the same features when she arrested the defendant approximately two weeks after the incident. ¶ Under these circumstances, I am of the view that two of the errors cited by the majority, i.e., the improper re-cross-examination of defendant and the brief and inadvertent bolstering testimony of the arresting detective which was cut off in mid-sentence by defense counsel's motion to strike (i.e., "I had a conversation with her * * * regarding the photo identification. And __."), must be considered harmless (*People v Gaskin,* 78 AD2d 877; *People v Jones,* 89 AD2d 875). ¶ Finally, I am of the view, contrary to that adopted by the majority, that no error was committed by the trial court in permitting the prosecution to reopen cross-examination after summations to impeach defendant's credibility by questioning him as to his prior convictions. ¶ During summation defense counsel stated that there was "nothing in evidence to indicate that [defendant] was ever convicted of a crime". In her summation, the prosecutrix countered defense counsel's remark by stating, over objection, that defendant had a prior record. After completing her summation, the prosecutrix moved to reopen the trial to cross-examine defendant as to the prior convictions. In her argument to the court, outside the jury's presence, the prosecutrix stated: "Sandoval cannot become a shield to allow a defendant to commit perjury. Or in this case, to hide behind a statement on summation. The fact that the convictions were Sandovaled out does not mean that [defense counsel] has the right to say in this summation that there is no evidence of convictions". ¶ The trial court granted

the prosecutrix' motion and allowed the trial to be reopened for the limited purpose of impeaching defendant's credibility by examination of "his prior criminal record", holding as follows: "Sandoval is not a shield. Sandoval cannot be used in both ways. Defense counsel cannot claim Sandoval at one time and then use Sandoval at another. I realize the posture of this trial, that the Court was allowing summations, and that we would be ready to charge. However, in the interests of justice I cannot allow this statement to remain as it was made to the jury to bolster the credibility of the defendant". ¶ Immediately before the jury was charged, defendant was questioned about his prior convictions and admitted them. Additional summations were then allowed. ¶ The Court of Appeals has held that the order of trials in criminal cases, although fixed by statute, "is not a rigid one and the common-law power of the trial court to alter the order of proof 'in its discretion and in furtherance of justice' remains at least up to the time the case is submitted to the jury" (*People v Olsen,* 34 NY2d 349, 353, quoting from *People v Benham,* 160 NY 402, 437). In the case at bar, the reopening occurred prior to the jury's deliberations and was allowed in order to correct the defense counsel's misstatement which could have been interpreted by the jury as an affirmative representation that defendant had never been convicted of a crime. Under these circumstances, the trial court's ruling, granting the prosecutrix' motion to reopen, did not constitute error (*People v Fleischman,* 10 NY2d 1025, affg 13 AD2d 647; *People v Roseman,* 78 AD2d 878; cf. *People v Griffin,* 29 NY2d 91).