THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McLAUGHLIN, Appellant. — Appeal by defendant (1) from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered February 11, 1981, convicting him of murder in the second degree and four counts of robbery in the first degree, upon a jury verdict, and imposing sentence and (2) upon permission, from an order of the same court, dated April 22, 1982, denying defendant's motion to vacate the aforesaid judgment.

Judgment and order affirmed.

Defendant contends for the first time on appeal that the trial court's alibi charge to the jury was inadequate. The trial court erroneously omitted to instruct the jury that the prosecutor had the burden of disproving an alibi beyond a reasonable doubt (see *People v Victor,* 62 NY2d 374; *People v Daniels,* 88 AD2d 392). Absent this warning, the trial court's repeated instruction that the jury must determine the truth of the alibi and that an alibi is the best defense an innocent man can offer, while not erroneous on its face, may be perceived as improperly shifting to defendant the burden of proving the alibi. However, the matter has not been preserved for appellate review because defendant did not take any exception to the alibi charge that would have alerted the Trial Judge to the deficiency so as to afford her an opportunity to correct said error. Consequently, defendant must be

deemed to have waived any objection to the alibi charge (see *People v Whalen,* 59 NY2d 273). Similarly, defendant has waived any objection to the trial court's identification charge. The trial court read its proposed identification instructions to defense counsel in chambers. Counsel specifically stated that he had nothing to add to the proposed charge. After the charge had been delivered to the jury, the trial court solicited exceptions or requests to charge. None were made by defense counsel. Therefore, any claimed deficiency in the charge on identification has not been preserved for appellate review (CPL 470.05, subd 2; *People v Dawson,* 50 NY2d 311).

Under the circumstances of this case, we decline to exercise our discretionary power to review, in the interest of justice, the defendant's claims regarding the trial court's charge on alibi and identification. Mollen, P. J., Weinstein, Rubin and Eiber, JJ., concur.