■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SCOTT, Appellant. — Appeals by defendant from (1) a judgment of the Supreme Court, Queens County (Chetta, J.), rendered July 25, 1980, convicting him of rape in the first degree, unlawful imprisonment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered December 12, 1980, convicting him of endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Judgments affirmed.

On January 1, 1979, at approximately 9:15 P.M., complainant left the home of her cousin and while walking on Rockaway Boulevard near 142 Street in Queens, she was approached by a man who asked her for directions. She stopped walking and looked at his face as she spoke to him. As she turned away and continued walking, the man put a gun to her neck and forced her to walk a few blocks and enter an abandoned house. Once inside,

he led her down into the basement and eventually, still at gunpoint, into a second-floor bedroom. He ordered her to remove her clothes, put them back on and then remove them again. Eventually, he raped her. He refused to let her leave for about 10 more minutes while he simply stared at her. Finally, he ordered her to leave. The entire incident lasted about two hours.

Complainant ran back to the home of her cousin, who called police. She described her attacker to the responding police officer. On January 19, 1979, she unequivocally identified the defendant in a lineup.

The defendant, his brother Lenalford Scott and Cecile Gayle testified that on the evening of January 1, 1979, from approximately 7 P.M. to 2:30 A.M., they were all together at Gayle's apartment in Brooklyn. The defendant lived in his brother's house which was six to seven blocks from the scene of the rape.

The trial court charged alibi but did not give an identification charge. The jury convicted the defendant of rape in the first degree, unlawful imprisonment in the second degree, and criminal possession of a weapon in the fourth degree.

The defendant argues that the court's charge on alibi was defective because it urged stricter scrutiny of the alibi testimony than the identification testimony and shifted the burden of proof. The People argue that the omission of the identification charge was harmless, that the alibi charge did not shift the burden of proof and that the charge in its entirety imparted the proper rules to the jury concerning its evaluation of the testimony of the complainant and that of the defense witnesses.

In this case, which we do not regard as close, the defendant did not object to the charge on the grounds upon which he now requests reversal. Accordingly, his claims are not properly preserved for appellate review (CPL 470.05 [2]; *People v Cadorette*, 83 AD2d 908, *affd* 56 NY2d 1007), and we see no reason to reach those issues in the interest of justice.

The complainant had an extraordinary opportunity to observe the defendant over an approximately two-hour period. She faced him and looked at his face when he asked for directions. During the walk to the abandoned house, which lasted 15 minutes, she looked at his face numerous times. Although the house had no lights, light entered through the windows enabling her to see his face. She also testified that while inside the house there were periods of time during which the defendant just looked at her while she looked back at him. The detailed description she gave police of her attacker matches the defendant's physical characteristics as well as his West Indian accent and noticeable body odor. Moreover, she viewed photographs but, since defendant's

picture was not among them, she made no identification. Eighteen days after the incident, she identified defendant in a lineup.

We have reviewed defendant's remaining arguments and find them to be without merit.

With regard to defendant's second appeal, the record reveals that Criminal Term did not promise the defendant a concurrent sentence in exchange for a guilty plea. Thus his plea conviction was not inextricably intertwined with the other conviction (*see, People v Lowrance,* 41 NY2d 303) and should also be affirmed. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.