■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES THOMPSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered November 7, 1983, convicting him of attempted robbery in the first degree, attempted robbery in the second

degree, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On June 22, 1982, defendant, armed with a knife, entered a bread delivery truck parked on Hillside Avenue near 163rd Street in Jamaica, Queens. After ordering the salesman to raise his arms, defendant slashed him with his knife. A brief struggle between the two ensued, during which both men were badly cut by defendant's knife. Defendant then fled, and was followed by the salesman. Peter Pagano, an employee of a nearby store, grabbed defendant as he reached the corner. Both Pagano and the salesman attempted to subdue defendant, who managed to escape, but not until Pagano ripped a brown sweat shirt from his body. A police officer arriving shortly after the incident was able to follow a trail of blood as far as the intersection of Hillside Avenue and 164th Street, a distance of one block. The officer then radioed defendant's description (a shirtless black male wearing brown sweat pants) as given him by the salesman. Approximately one-half hour after the incident, another police officer, in response to a radio call, went to a beauty parlor at Hillside Avenue and 167th Street, where he arrested the shirtless and bleeding defendant. Somewhat later, at the crime scene, a detective recovered defendant's sweat shirt from Pagano, and the knife was recovered from the salesman's truck. At the trial, defendant was positively identified by the salesman, who described the location of the cuts he had inflicted on his assailant. He also identified the sweat shirt. Defendant was found guilty on all counts of the indictment.

On appeal defendant argues, *inter alia,* that the prosecutor deprived him of a fair trial when he argued during summation that a trial "is in fact a search for the truth * * * not a search for a reasonable doubt". We have repeatedly condemned such comments on the part of prosecutors *(see, People v Jones,* 89 AD2d 875; *People v Robinson,* 83 AD2d 887). Aside from the intemperance of these remarks in themselves, they represent an attempt to inappropriately preempt the role of the Judge, who is solely charged with the obligation to instruct on the law *(see, People v Boulware,* 29 NY2d 135, *cert denied* 405 US 995). However, because the Trial Judge properly charged the law relative to reasonable doubt *(see, People v Robinson, supra)* and because the evidence of defendant's guilt was overwhelming, the prosecutor's remarks must be deemed harmless error *(see, People v Crimmins,* 36 NY2d 230).

We have examined defendant's remaining contentions and find them to be lacking in merit. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.