■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS REYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (DiTucci, J.), rendered February 22, 1984, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Glass, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Judgment affirmed.

Contrary to the defendant's claim, the hearing court properly denied that branch of his omnibus motion which was to suppress the identification testimony inasmuch as there was nothing in the pretrial identification procedures so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification (see, People v Logan, 25 NY2d 184, cert denied 396 US 1020; People v Ballott, 20 NY2d 600; People v Washington, 111 AD2d 418; People v Russo, 109 AD2d 855). The defendant correctly argues on appeal that Detective Weiner should not have been allowed to testify at trial as to one of the eyewitness's lineup identification of the defendant, since such testimony constituted improper bolstering (see, People v Johnson, 57 NY2d 969; People v Caserta, 19 NY2d 18; People v Trowbridge, 305 NY 471, 476). However, the defendant having failed to raise any such objection at trial, failed to preserve his present claim for review (see, People v Love, 57 NY2d 1023; People v West, 56 NY2d 662). Reversal in the interest of justice is not appropriate in view of the "clear and strong" identification testimony of the two eyewitnesses (see, People v Johnson, 32 NY2d 814, 816; People v Mobley, 56 NY2d 584).

Finally, we note that the prosecutor made the following improper comment during summation: "Now, contrary to what the Defense Counsel would have you believe, a trial is not a search for reasonable doubt. Plainly simply a trial is a search for truth. Not supposed to be sitting here trying to pick reasonable doubt out from everything that goes on [sic]."

While we view with disfavor the attempt by the prosecutor to subvert the law relative to reasonable doubt (see, People v Robinson, 83 AD2d 887), we note that this error was not preserved for review and that the proof of the defendant's guilt was overwhelming. We have considered the defendant's other claims and find them to be without merit. Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.