■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYRUS McCORKLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered February 9, 1984, convicting him of attempted murder in the second degree and criminal possession of a

weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The prosecutor's statement during his summation that the trial was "a search for the truth * * * not a search for the reasonable doubt" was improper *(People v Brown,* 111 AD2d 248, 250). However, in view of the court's subsequent extensive instructions on the presumption of innocence, the prosecution's burden of proof, and the meaning of "reasonable doubt", and the overwhelming evidence of the defendant's guilt, no substantial prejudice to the defendant resulted, and the error was rendered harmless *(see, People v Galloway,* 54 NY2d 396, 399; *People v Robinson,* 83 AD2d 887).

When exceptions to the charge were solicited by the court, the defendant specifically stated that he had none. Thus, he failed to preserve for appellate review his present claim that the absence of a detailed charge of how to assess the identification evidence was error *(see, People v Scott,* 108 AD2d 882, 883; *People v McLaughlin,* 104 AD2d 829, 830). Similarly, the defendant did not raise at trial his present claim that the testimony as to the complainant's description of his assailant to Police Officer Freeman was inadmissible hearsay which improperly bolstered the complainant's identification testimony. The defense counsel's stating the one word "Objection" when the prosecutor asked Officer Freeman to recount the complainant's description was insufficient to preserve this issue for appellate review *(see, People v Love,* 57 NY2d 1023, 1025; *People v West,* 56 NY2d 662). Under the circumstances, review in the interest of justice is unwarranted. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.