THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KELLY, True Name RICHARD KELLEY, Appellant.—

After viewing the evidence in this case in the light most favorable to the People, we conclude that the evidence clearly proves the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620).

Further, the defendant's claim that the trial court improperly limited the scope of cross-examination of the victim is without merit. It is well settled that the scope of cross-examination rests largely in the sound discretion of the court *(see, People v Mandel,* 48 NY2d 952, *cert denied and appeal dismissed* 446 US 949, *reh denied* 448 US 908). In the instant case the court properly exercised its discretion in not permitting cross-examination regarding complainant's living with her mother and losing custody of her child, which were collateral to the issue involved *(see, People v Jackson,* 124 AD2d 823 [No. 67] [decided herewith]).

The defendant's claim that certain comments made by the prosecutor during his summation were prejudicial is similarly without merit. Initially, we note that all but one of the defendant's claims in this area are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Dordal,* 55 NY2d 954;

*People v Jones,* 89 AD2d 875). In any event, it is clear upon the record that the prosecutor's appeal to the jury was entirely reasonable and permissible since it rested on evidence which was properly before the jury and was in direct response to the defense counsel's attack on the complainant's credibility *(see, People v Galloway,* 54 NY2d 396; *People v Lawrence,* 91 AD2d 642; *People v Arce,* 42 NY2d 179; *People v Gilmore,* 106 AD2d 399). Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.