■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SPRUILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered February 22, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

During the redirect examination of the police officer who arrested the defendant, the prosecutor twice elicited, through a lengthy series of questions, that after his arrest the defendant did not elaborate on the details of the cursory alibi statement which he had previously given to that officer. This was error. In *People v Dawson* (50 NY2d 311, 320) the Court of Appeals reaffirmed the rule set out in *People v Rutigliano* (261 NY 103, 107), that the People are entirely precluded from using the defendant's silence while in custody as evidence-in-chief at his trial because he is then under no duty to speak. When questioned after his arrest, a defendant is under no obligation to say anything or to lay out an alibi *(see, People v Christman,* 23 NY2d 429). Since the defendant did not take the stand, the principle enunciated in *People v Conyers* (52 NY2d 454), and *People v Savage* (50 NY2d 673), that a defendant's pretrial silence may be admissible to impeach the defendant where unusual circumstances are present, is inapplicable. As the proof of the defendant's guilt was not overwhelming, this error cannot be considered harmless.

Although no objection was made to the alibi charge, it erroneously failed to state that the People had the burden of disproving the defendant's alibi beyond a reasonable doubt *(see, People v Victor,* 62 NY2d 374; *People v McLaughlin,* 104 AD2d 829). In addition, a portion of the charge which indi-

cated that only the defense witnesses could be considered interested witnesses was improper. The question of whether a witness is interested, and the effect that may have on the witness's testimony is for the jury, and is applicable to any witness (see, 1 CJI [NY] 7.03; *People v Gerdvine,* 210 NY 184; *People v Manning,* 278 NY 40; *People v Jackson,* 80 AD2d 904). Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.