■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK OGELSBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 2, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Benzinger, 36 NY2d 29), we conclude that the defendant's constructive possession of the rifle was proven beyond a reasonable doubt, since it was " 'within [his] immediate control and reach' " (People v Lemmons, 40 NY2d 505, 509, quoting People v Persce, 204 NY 397, 402; see, Penal Law § 10.00 [8]; People v Lynch, 116 AD2d 56, 61).

This court has previously condemned any attempt by prosecutors to subvert the law relative to reasonable doubt, as was engaged in at this trial when the prosecutor stated during his summation that a "trial is not a search for doubt—it's a search for truth" (see, People v McCorkle, 119 AD2d 700; People v Reyes, 119 AD2d 596). We conclude, however, that the trial court's timely intervention, which included the sustaining of defense counsel's objection and the giving of a curative instruction, as well as its subsequent extensive instructions on the presumption of innocence, the prosecution's burden of proof, and the meaning of reasonable doubt, negated any prejudice that might have resulted from such an improper comment (see, People v McCorkle, supra).

The defendant's claim that he was not afforded the effective assistance of trial counsel because of his attorney's failure to call both the defendant and his uncle to testify as defense witnesses is not demonstrable on this record, absent an evidentiary exploration by collateral postconviction proceedings brought under CPL article 440 (see, People v Brown, 45 NY2d 852; People v Rodriguez, 123 AD2d 405; People v Roberts, 89 AD2d 912).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for our review and, in any event, without merit. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.