■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALLRED, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered June 27, 1985, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed, as a matter of law, to preserve for appellate review his present challenge to the adequacy of that portion of the trial court's charge concerning the voluntariness of his confession (see, People v McCorkle, 119 AD2d 701, lv denied 67 NY2d 1054; People v Scott, 108 AD2d 882; People v McLaughlin, 104 AD2d 829). In any event, there is no merit to this contention since the court adequately charged the jury on the issue of voluntariness.

The defendant's claim that he was denied a fair trial by the allegedly erroneous introduction at trial of a coperpetrator's statements made during the commission of the offenses is without merit. The trial court properly admitted the challenged statements upon finding that they were made by the defendant's coconspirator during the course of and in furtherance of the conspiracy (see, e.g., *People v Sanders,* 56 NY2d 51, *rearg denied* 57 NY2d 674; *People v Burton,* 104 AD2d 655). Insofar as the defendant now attacks the propriety of the trial court's instruction to the jury concerning the evaluation of the coconspirator's statements, we note that the record reveals that the defendant's trial counsel specifically requested the precise instruction which is now challenged. It is, in any event, clear that no cognizable prejudice to the defendant could have resulted from the instruction.

Finally, we find the sentences imposed upon the defendant to be neither unduly harsh nor excessive under the circumstances of this case. Therefore, we decline to disturb the sentencing court's sound exercise of its discretion in this regard (see, *People v Suitte,* 90 AD2d 80). Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.