■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUDLEY STUART, Appellant.

The defendant's claim that the trial court erred in failing to charge the defense of not guilty by reason of mental disease or defect (Penal Law former § 30.05) is unpreserved for appellate review as a matter of law, as the defendant at no time requested such a charge or objected to its absence (see, People

*v McCorkle,* 119 AD2d 700, *lv denied* 67 NY2d 1054). In any event, the contention is without merit, for the defendant presented no evidence of mental disease or defect at trial and chose to proceed upon the theory that someone else must have committed the homicide. Moreover, while the evidence presented at trial indicated that the defendant may have been intoxicated at the time of the killing, the trial court properly instructed the jury with respect to the issue of intoxication and its possible effects on the defendant's ability to form a specific criminal intent *(see, People v Westergard,* 113 AD2d 640, *affd* 69 NY2d 642).

Contrary to the defendant's present contention, we further conclude that there was legally sufficient evidence of "physical injury" within the meaning of Penal Law § 10.00 (9) to sustain his conviction of assault in the third degree *(see, e.g., People v Greene,* 70 NY2d 860, *rearg denied sub nom. People v Bogan,* 70 NY2d 951).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review *(see, People v McCorkle, supra)* or without merit *(see, People v Morris,* 129 AD2d 591). Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.