■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BROADHURST, Appellant. [761 NYS2d 167] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered July 24, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's request for an agency charge. Even when viewed most favorably to defendant, there was no reasonable view of the evidence that he was a mere extension of the buyer and not a participant in the sale (*see People v Herring*, 83 NY2d 780 [1994]).

The court properly exercised its discretion in denying defendant's request, made during the charge conference after the People had presented a rebuttal case and all parties had rested, to reopen the case and allow him to testify (*see* CPL 260.30; *People v Washington*, 71 NY2d 916 [1988]). Defendant did not advance a valid reason for disturbing the normal order of trial.

The record as a whole establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]).

Since defendant only objected to the expert's qualifications, he did not preserve his present challenge to expert police testimony regarding the roles of participants in street-level narcotics sales and we decline to review it in the interest of

justice. Were we to review this claim, we would find that the testimony, which was accompanied by appropriate limiting instructions, was appropriate in this case where accessorial liability was a material issue (*People v Brown*, 97 NY2d 500, 506-507 [2002]).

Following a hearing, the court properly closed the courtroom to the general public, while admitting relatives of defendant and the codefendant, during the testimony of the undercover officer. The People made a sufficiently particularized showing to warrant closure where the officer testified that he continued to work in the vicinity of the defendants' arrest, received threats in the past, feared for his safety and the integrity of his ongoing operations, and took precautions when appearing in court (*see People v Ramos*, 90 NY2d 490 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.