Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), rendered June 3, 2009, as amended June 25, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.
The court properly permitted the undercover officers to give background testimony, based on their experiences, regarding the roles of participants in street level drug sales (see People v Brown, 97 NY2d 500, 505-507 [2002]). Accessorial liability was the principal issue in the case. The challenged testimony was relevant to refute defendant’s claim that, rather than acting as a steerer and/or lookout, he was a mere bystander to the transaction (see People v Henderson, 22 AD3d 311 [2005], lv denied 6 NY3d 813 [2006]; People v Broadhurst, 306 AD2d 15, 16 [2003], lv denied 100 NY2d 641 [2003]). The jurors might not have been aware that defendant’s behavior before and during the sale was typical of a steerer/lookout. Furthermore, this testimony tended to explain why all the buy money was recovered from a codefendant who had exchanged the drugs for cash. The jurors might not have understood why a steerer/ lookout would not receive a share of the proceeds immediately after the sale.
*538 While it may be preferable for testimony of this nature to come from a source other than a fact witness (see Brown, 97 NY2d at 505), there is no legal impediment to a fact witness testifying in a dual capacity (People v Hansen, 37 AD3d 318, 319 [1st Dept 2007]). The People’s unsuccessful request for permission to bring in an additional witness, when viewed in context, does not constitute a waiver of this argument.
Defendant’s remaining challenges to this testimony do not warrant reversal. Any error in permitting the officers to provide statistical information (see People v Kelsey, 194 AD2d 248, 253 [1st Dept 1994]) was harmless. To the extent any of the testimony could be viewed as going to the ultimate issue of accessorial liability, that testimony was elicited solely by defense counsel. Finally, defendant did not preserve his claim that the court should have provided limiting instructions, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant was not prejudiced by the absence of such instructions.
The court’s Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). The court only permitted inquiry into defendant’s two most recent convictions, constituting a small portion of his very extensive criminal record. The probative value of these convictions, and their underlying facts, on the issue of credibility outweighed any prejudicial effect.
Defendant’s argument regarding the lack of CPL 710.30 (1) (b) notice is without merit because the identification at issue was confirmatory (see People v Wharton, 74 NY2d 921 [1989]). Concur—Andrias, J.P, Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.