■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL ROBINSON, Appellant. [13 NYS3d 348]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., at suppression hearing; Juan M. Merchan, J., at jury trial and sentencing), rendered May 23, 2012, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The totality of the sequence of events supports the conclusion that defendant took part in the transaction as part of a team of drug dealers, and that he was a joint possessor of the additional drugs found at the scene (*see People v Eduardo*, 11 NY3d 484, 493 [2008]; *People v Branch*, 63 AD3d 631 [1st Dept 2009], *lv denied* 13 NY3d 794 [2009]). The jury could have reasonably inferred that the unidentified object defendant passed to a codefendant contained drugs (*see People v Bolden*, 6 AD3d 315 [1st Dept 2004], *lv denied* 3 NY3d 637 [2004]), and that either defendant or a codefendant prevented the recovery of the prerecorded buy money by taking some action that escaped the notice of the police (*see People v Hooper*, 48 AD3d 292 [1st Dept 2008], *lv denied* 10 NY3d 864 [2008]).

The court properly admitted expert testimony on street-level

drug sales. Defendant's only objection to this testimony was a claim that it should have been elicited from one of the fact witnesses. While a fact witness may serve a dual role, "it may be preferable for testimony of this nature to come from a source other than a fact witness" (*People v Jamison*, 103 AD3d 537, 538 [1st Dept 2013], *lv denied* 21 NY3d 1016 [2013]). Defendant's remaining challenges to the expert testimony are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits (*see People v Brown*, 97 NY2d 500, 506-507 [2002]). In particular, there was a factual foundation for this testimony because the evidence clearly showed that there were multiple participants in the sale (*see People v Bolden*, 6 AD3d at 315), and the evidence relating to intent to sell was within the scope of expert testimony permitted under *People v Hicks* (2 NY3d 750 [2004]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. Probable cause for defendant's arrest was established by the arresting officer's testimony that he received a "positive buy" transmission with descriptions of the participants, notwithstanding that the transmission did not spell out defendant's role in the transaction (*see e.g. People v Harris*, 305 AD2d 282, 283 [1st Dept 2003], *lv denied* 100 NY2d 582 [2003]), and that defendant matched one of the descriptions. The hearing evidence also supported the conclusion that all the officers in the team heard the same transmissions, regardless of which officer initially stopped defendant (*see People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Mims*, 88 NY2d 99, 113-114 [1996]).

We have considered and rejected defendant's argument that trial counsel rendered ineffective assistance by failing to request a circumstantial evidence charge (*see People v Torres*, 108 AD3d 474, 475 [2013], *lv denied* 22 NY3d 998 [2013]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.