People v Ruiz (2018 NY Slip Op 08088)





People v Ruiz


2018 NY Slip Op 08088


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7719 5917N/12

[*1]The People of the State of New York, Respondent,
v
Carlos Ruiz, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered October 23, 2013, as amended October 30, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.
The court providently exercised its discretion in permitting an expert to explain coded language in recorded conversations between defendant and a confidential informant. Defendant argues that because the informant testified and could have been asked to define the code words, the expert testimony should have been excluded as unnecessary. However, it was permissible for the People to employ expert testimony to establish the coded language's "fixed meaning . . . within the narcotics world" (People v Inoa, 25 NY3d 466, 474 [2015] [internal quotation marks omitted]), instead of merely relying on what the informant claimed these words to mean. Moreover, while a fact witness may "serve a dual role" by providing an explanation that might otherwise be given by an expert, "it may be preferable for testimony of this nature to come from a source other than a fact witness" (People v Robinson, 129 AD3d 550, 551 [1st Dept 2015], lv denied 26 NY3d 1010 [2015]; see also People v Brown, 97 NY2d 500, 505 [2002]).
Defendant did not preserve his claim that the court's ruling on expert testimony deprived him of his right to cross-examine the informant, and we decline to review it in the interest of justice. As an alternative holding, we find it meritless. Defendant was free to ask the informant about the recorded conversations, and, to the extent the order of testimony allegedly presented a problem, we note that defendant never sought to recall the informant after the conversations went into evidence.
The court properly admitted testimony regarding defendant's uncharged attempt to sell heroin to the informant before the charged sales. This testimony completed the narrative of the events leading to the three charged sales and provided relevant background information on the developing relationship between defendant and the informant (see generally People v Till, 87 NY2d 835, 837 [1995]). Additionally, this testimony was clearly probative of the charged crime of possession with intent to sell, and "the People were not required to rest on the inferences flowing from the charged sale" (People v Mendoza, 245 AD2d 177, 177 [1997], lv denied 91 NY2d 975 [1998]).
The People sufficiently demonstrated a good faith basis for their cross-examination of defendant's character witnesses about the police closure of a nightclub in which he was a part owner (see People v Alamo, 23 NY3d 630, 633-635 [1969], cert denied 396 US 879 [1969]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK