■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC PLOCK, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered June 19, 1987, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Boklan, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We agree with the hearing court's finding that the defendant's statements were spontaneously made and were not the product of police conduct which the police should have known was reasonably likely to elicit an incriminating response *(see, Rhode Is. v Innis,* 446 US 291; *People v Lynes,* 49 NY2d 286).

The defendant initiated an exchange in the police station with a police officer concerning that officer's observation of the defendant near the scene of a certain burglary. A detective's brief remark, immediately after the defendant's inquiry, with respect to the charges against the defendant and the possibility of an additional charge, does not compel a finding that the defendant's subsequent statement was not spontaneous *(see, People v Huffman,* 61 NY2d 795; *cf., People v Lanahan,* 55 NY2d 711). The defendant's final statement in a police car was clearly spontaneous as the officers with him had not asked the defendant any questions nor had they engaged in otherwise improper conduct *(see, Rhode Is. v Innis,* 446 US 291, *supra; People v Lynes,* 49 NY2d 286, *supra; People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007). Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.