■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST HAMILTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered March 27, 1985, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

The court acted properly in denying the defendant's pretrial motion to dismiss the indictment for lack of prompt prosecution. The delay between the time the crime took place and the time that the felony complaint was filed was excusable in that during that period an ongoing investigation was taking place and despite continued efforts, the defendant could not be located (see, *People v Singer,* 44 NY2d 241; *People v Staley,* 41 NY2d 789).

The hearing court properly determined that the statements made by the defendant prior to the administration of his *Miranda* rights were admissible. The defendant initiated the conversation with a detective by asking him what the warrant for his arrest concerned and the detective merely provided the defendant with whatever information could be gleaned from the warrant. Subsequent to receiving this information, the defendant made inculpatory statements. Since his remarks were not made in response to express questioning or its functional equivalent, the court properly denied suppression of the statements (see, *People v Plock,* 146 AD2d 652; *People v Lynes,* 49 NY2d 286).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.