■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT LOVEJOY, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Thorp, J.), both rendered December 4, 1987, convicting him of robbery in the first degree under indictment No. 1489/87, and grand larceny in the third degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fifth degree, and unauthorized use of a vehicle in the third degree under indictment No. 1491/87, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, we find that the hearing court properly denied suppression of the defendant's statement made prior to the administration of the *Miranda* warnings since it was spontaneous and not made in response to any police interrogation *(see, People v Suarez,* 140 AD2d 558; *People v Bonacorsa,* 115 AD2d 546). The statement was made during a conversation initiated by the defendant concerning his girlfriend and was not prompted by the police officer *(cf., People v Lucas,* 53 NY2d 678).

The defendant also contends that he was denied a fair trial by the court's failure to instruct the jury not to commingle the evidence pertaining to the two separate incidents for

which he was jointly tried. However, having failed to request such an instruction or to except to the charge as delivered, the defendant has failed to preserve this claim for appellate review (CPL 470.05 [2]). In view of the overwhelming evidence of the defendant's guilt, we decline to reach that issue in the exercise of our interest of justice jurisdiction.

We find that under the circumstances of this case, the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contention and find it to be without merit. Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.