■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUMPHREY STEWART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 11, 1989, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a joint trial with a codefendant, the defendant was convicted of attempted robbery in the second degree in connection with the third of three incidents occurring on the same day, involving the same complainant. The complainant maintained that he was assaulted by a group of unknown males, and after fleeing, he was caught by the same group of males, including the defendant's codefendant, and beaten and robbed of his "walkman". After escaping again, the complainant alleged he was on his way to the police station, when

another group of males, this time including the defendant, assaulted him and tried to rob him. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that he was denied a fair trial by the court's failure to instruct the jury not to commingle the evidence pertaining to the three separate incidents for which he was jointly tried. However, having failed to request such an instruction or to except to the charge as delivered, the defendant has failed to preserve this claim for appellate review (CPL 470.05 [2]; *see, People v Lovejoy,* 164 AD2d 869, 870; *People v Macon,* 159 AD2d 390, 391; *People v Blanchard,* 150 AD2d 705). We decline to reach this issue in the exercise of our interest of justice jurisdiction. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.