■ The People of the State of New York, Respondent, v Tirnn Branch, Appellant. [882 NYS2d 411]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered April 24, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds, and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of 3½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. In this observation sale case, the totality of defendant's interactions with the codefendant and with the buyers supports the conclusion that defendant took part in the transaction as part of a team of drug dealers (*see People v Eduardo*, 11 NY3d 484, 493 [2008]), and that he was a joint possessor of the additional drugs found on the codefendant.

To the extent that a summation remark by the prosecutor could be viewed as improperly implying that the jury should draw an inference of guilt from the fact that defendant had been indicted by a grand jury, we conclude that the court's instructions on the meaning of an indictment were sufficient to prevent any prejudice (*see People v James*, 197 AD2d 429 [1993], *lv denied* 83 NY2d 806 [1994]). Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.