■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TORRES, Appellant. [935 NYS2d 3]—

To the extent defendant is challenging the legal sufficiency of the evidence, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]).

Defendant claimed he was justified in stabbing the deceased, and that he accidentally stabbed the surviving victim. These defenses presented issues of credibility, and there is no basis for disturbing the jury's determinations. The physical evidence and the forensic expert testimony, viewed as a whole, tended to show that defendant's use of deadly force was unjustified.

Defendant was not deprived of a fair trial by the challenged portions of the prosecutor's summation (see *People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Defendant contends that the prosecutor's line of argument concerning certain physical evidence was speculative and unsupported by the record. However, this line of argument drew permissible inferences from the record and was responsive to the defense summation, which drew a competing inference. Furthermore, the court gave a curative instruction that was sufficient to prevent any prejudice.

Defendant also claims that the prosecutor misstated the law of justification. However, the court gave a prompt curative instruction, and it thoroughly explained justification in its main charge. The jury is presumed to have followed the court's instructions (see *People v Davis*, 58 NY2d 1102, 1104 [1983]).

Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the inter-

est of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Andrias, Catterson, Abdus-Salaam and Román, JJ.