■ The People of the State of New York, Respondent, v Derek Moore, Appellant. [938 NYS2d 552]—

Defendant challenges the sufficiency of the evidence as to several of his convictions. However, defendant did not alert the trial court to the specific arguments he makes on appeal. Accordingly, these claims are unpreserved (*see People v Gray*, 86 NY2d 10, 20-22 [1995]), and we decline to review them in the interest of justice. As an alternative holding, we reject defendant's sufficiency claims on the merits. We further find that the verdict was not against the weight of the evidence in any respect (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

The evidence satisfied the abduction element of kidnapping. The jury could have reasonably inferred that when defendant tied up and gagged the victim, defendant restrained her "with intent to prevent [her] liberation by . . . using or threatening to use deadly physical force" (Penal Law § 135.00 [2] [b]). The

manner in which defendant gagged the victim was readily capable of causing death by asphyxiation. The evidence supported an inference that when defendant gagged the victim, he intended, among other things, to prevent her from calling for help. The evidence also supported the physical injury element of the assault conviction and the grave risk of death element of the reckless endangerment convictions.

The prosecutor's summation remark that the victim had told the jury "what exactly had happened" did not constitute improper vouching, when viewed in context. Instead, it was a permissible response to the defense summation, which attacked the victim's credibility (*see People v Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998]). The prosecutor's attacks on the credibility of defendant's sister's testimony were likewise permissible (*id.* at 143-144). Defendant did not preserve any of his remaining challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court provided the jury with sufficient instructions on evaluating the credibility of witnesses. The court was not required to marshal specific evidence relating to credibility (*see People v Saunders*, 64 NY2d 665, 667 [1984]).

The court responded meaningfully to a jury note (*see People v Malloy*, 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]). The court properly exercised its discretion when it provided some very limited and nonprejudicial clarifying information, even if that information went slightly beyond the jury's request (*see e.g. People v DeGannes*, 76 AD3d 935 [2010], *lv denied* 15 NY3d 919 [2010]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.