■ The People of the State of New York, Respondent, v Carlos Perez-Olivo, Appellant. [6 NYS3d 299]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered December 2, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342,

348-349 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in rendering its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]). Contrary to the defendant's further contention, the County Court properly admitted evidence of the state of the defendant's financial affairs, including the fact of his recent disbarment, and of the various life insurance policies held by the defendant and his wife, as the evidence was relevant to the defendant's motive (*see People v Giles*, 11 NY3d 495, 499 [2008]; *People v Mateo*, 2 NY3d at 424; *People v Buie*, 86 NY2d 501, 509 [1995]; *People v Scarola*, 71 NY2d 769, 777 [1988]; *People v Molineux*, 168 NY 264 [1901]; *People v Denis*, 276 AD2d 237 [2000]).

The defendant's contention that his statements to the police should have been suppressed is improperly raised for the first time in defense counsel's reply brief (*see People v Winkfield*, 90 AD3d 959, 960 [2011]; *People v Boynton*, 35 AD3d 875, 876 [2006]). In any event, the defendant never moved to suppress the statements or objected to their admission at trial and, thus, this contention is also unpreserved for appellate review (*see* CPL 470.05 [2]).

Contrary to the defendant's contention, the prosecutor's summation did not deprive the defendant of a fair trial.

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.