THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROJAS, Appellant. [21 NYS3d 27]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered March 16, 2012, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

Since defendant's claim under *People v O'Rama* (78 NY2d 270 [1991]) involves jury notes that the court read into the record before responding, thereby providing counsel with notice of their contents, defendant's claim requires preservation (*see People v Nealon*, 26 NY3d 152 [2015]; *People v Williams*, 21 NY3d 932, 934-935 [2013]), and we decline to review this unpreserved claim in the interest of justice.

The prosecutor's summation argument suggesting a possible motive for defendant's otherwise senseless attack on the victim does not warrant reversal (*see generally People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). It was permissible for the prosecutor to draw a reasonable, evidence-based inference that defendant, while in an intoxicated state, may have mistaken the victim for another woman who had been connected to a prior altercation.

The court did not err in allowing the deliberating jury to view a surveillance video, already in evidence, on a laptop computer supplied by the prosecutor. Under the circumstances, this was the functional equivalent of providing a DVD player for use in the jury room, and there is nothing to indicate that the use of a computer resulted in any prejudice.

Defendant did not preserve his challenge to the procedure by which the court adjudicated the second of his two applications under *Batson v Kentucky* (476 US 79 [1986]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.