■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON BUNTING, Appellant. [43 NYS3d 910]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered October 28, 2013, as amended October 31, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant was convicted of assault in the second degree (Penal Law § 120.05 [3]) for causing injury to a police officer by striking him with a car while trying to evade the police.

The defendant's contention that certain statements made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911 [2006]; *People v Read*, 97 AD3d 702, 703 [2012]). In any event, some of the challenged remarks made by the prosecutor in summation were fair comment on the evidence, remained within the broad bounds of rhetorical comment permissible in summations, or were responsive to the summation of defense counsel (*see People v Halm*, 81 NY2d 819 [1993]; *People v Flowers*, 102 AD3d 885, 886 [2013]). While some of the challenged remarks, including those which denigrated the defense, were improper (*see People v Irving*, 130 AD3d 844 [2015]; *People v Brown*, 26 AD3d 392 [2006]; *People v Pagan*, 2 AD3d 879 [2003]), they were either sufficiently addressed by the Supreme Court's instructions to the jury or not so egregious as to have deprived the defendant of a fair trial (*see People v Singh*, 138 AD3d 767, 768 [2016]; *People v Flowers*, 102 AD3d at 886; *People v Persaud*, 98 AD3d 527, 529 [2012]; *People v Rogers*, 92 AD3d 903 [2012]; *People v Banyan*, 60 AD3d 861 [2009]).

Contrary to the defendant's contention, he was not denied the effective assistance of counsel due to defense counsel's failure to object to certain improper remarks made by the prosecutor during summation (*see People v Wragg*, 26 NY3d 403, 411-412 [2015]; *People v Tonge*, 93 NY2d 838, 840 [1999]; *People v Benevento*, 91 NY2d 708 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.