■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED LABOSSIERE, Appellant. [50 NYS3d 513]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered June 2, 2014, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with murder in the second degree, assault in the first degree, and related weapons offenses, arising out of an altercation in which he fatally shot Christopher Mullings and shot and injured Sandra Clarke. At trial, the defendant asserted a justification defense. A video recording of the encounter was admitted into evidence and played for the jury, and was submitted to the jury, upon its request, on both days of its deliberations. The defendant was convicted on all counts.

The defendant contends that he was denied his rights to

confrontation and cross-examination and was deprived of a fair trial by the submission of the video to the jury with a video player which caused defects in the audio, and that a mistrial should have been granted or a requested curative instruction given. Preliminarily, the defendant's constitutional contentions are not preserved for appellate review since he did not raise them before the Supreme Court (*see* CPL 470.05 [2]; *People v Lane*, 7 NY3d 888, 889 [2006]). In any event, they are without merit, and the court providently exercised its discretion in denying the defendant's motions for a mistrial or a curative instruction (*see People v Smith*, 143 AD3d 1005 [2016]). The defendant's contention that the video player submitted to the jury on its first day of deliberations caused the video to skip when viewed by the jury is speculative. While there had been some issues with the video player during the prosecutor's summation, the jury had seen the video play properly numerous times during the trial, and did not indicate to the court that the video was skipping when played during deliberations (*see People v Rojas*, 133 AD3d 543 [2015]). In any event, even assuming that there were issues with the video player during the first day of deliberations, any prejudice was ameliorated during the second day of deliberations when the video was submitted to the jury with a video player which the parties agreed was properly functioning (*see People v Young*, 48 NY2d 995, 996 [1980]; *People v Johnson*, 139 AD3d 967, 975 [2016], *lv granted* 28 NY3d 939 [2016]). Further, in the absence of evidence that any problems with the video player occurred during the first day of deliberations, the requested curative instruction notifying the jury of the presumed problem was unnecessary and may have only served to confuse the jury (*see People v Knapp*, 113 AD2d 154, 166 [1985]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's misstatement, during summation, of the law concerning an initial aggressor is without merit. The comment could not have been interpreted by the jury as an instruction on the law because the Supreme Court reminded the jury that it would define the law and subsequently gave a correct instruction on the law (*see People v Cephas*, 91 AD3d 668, 669 [2012]; *People v Torres*, 90 AD3d 420 [2011]; *People v Giuca*, 58 AD3d 750 [2009]). Thus, the defendant was not prejudiced by the comment. The defendant's remaining challenges to comments made by the prosecutor during summation are not preserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911 [2006]). In any event, most of the challenged remarks were fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Although

certain of the challenged comments were improper (*see People v Gordon*, 50 AD3d 821 [2008]; *People v Pagan*, 2 AD3d 879 [2003]; *People v Torres*, 111 AD2d 885 [1985]), they were not so egregious as to deprive the defendant of a fair trial (*see People v Alphonso*, 144 AD3d 1168 [2016]; *People v Ward*, 106 AD3d 842 [2013]).

The Supreme Court properly declined to charge the jury with the defendant's requested instruction on prior threats, which marshaled the evidence (*see* CPL 300.10 [2]; *People v Saunders*, 64 NY2d 665 [1984]; *People v Moore*, 92 AD3d 575, 576 [2012]; *People v Correa*, 73 AD3d 942 [2010]; *People v Campbell*, 68 AD3d 890 [2009]). While it would have been appropriate for the court to instruct the jury in accordance with the "evidence of threats" addition to the justification charge contained in the Criminal Jury Instructions (CJI2d[NY] Justification: Use of Deadly Physical Force in Defense of a Person), any error in failing to do so was harmless, as there was overwhelming evidence disproving the defendant's justification defense and no significant probability that the lack of the instruction contributed to the defendant's convictions (*see People v Petty*, 7 NY3d 277, 286 [2006]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.