■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY ELDER, Appellant. [59 NYS3d 134]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered January 15, 2015, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal possession of stolen property in the fourth degree (*see* Penal Law § 165.45 [5]) and unauthorized use of a motor vehicle in the third degree (*see* Penal Law § 165.05 [1]) for possessing the complainant's minivan.

The defendant's arguments regarding the legal sufficiency of the evidence are unpreserved for appellate review, except to the extent that he contends that there was insufficient evidence of the knowledge element of the crimes (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's misstatement, during summation, of the law concerning the knowledge element of criminal possession of stolen property in the fourth degree is unpreserved for appellate review, since the defendant did not object to the remarks (*see People v Giuca*, 58 AD3d 750, 751 [2009]). In any event, the defendant's contention is without merit. Those remarks, and the reference by the prosecutor to the jury's function, the objection to which is preserved for appellate review, could not have been interpreted by the jury as an instruction on the law, because the Supreme Court repeatedly advised the jurors that it would instruct them on the law and subsequently gave correct instructions on the law (*see People v Labossiere*, 148 AD3d 1183, 1184 [2017]; *People v Giuca*, 58 AD3d at 751).

Moreover, contrary to the defendant's contention, the prosecutor's reference to a credit card recovered from the vehi-

cle did not violate an evidentiary ruling. In any event, any prejudice resulting from the remark was alleviated by the Supreme Court's actions in immediately striking the comment from the record and providing curative instructions to the jury, which instructions the jury is presumed to have followed (*see People v Macaluso*, 144 AD3d 947, 947 [2016]; *People v Maitland*, 136 AD3d 1058, 1059 [2016]).

The defendant's remaining challenges to remarks made by the prosecutor during his opening statement and summation are unpreserved for appellate review, since the defendant either failed to object to the remarks at issue, or made only general objections (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Baez*, 137 AD3d 805, 805 [2016]). In any event, the majority of the summation comments were either within the bounds of rhetorical comment permissible in closing argument, fair response to arguments made by defense counsel in summation, or fair comment on the evidence and reasonable inferences to be drawn therefrom (*see People v Morrow*, 143 AD3d 919, 921 [2016]; *People v Young*, 141 AD3d 551, 552 [2016]; *People v Marcus*, 112 AD3d 652, 653 [2013]). Although the prosecutor vouched in the summation for the credibility of a police witness based on his position as a police officer (*see People v Cantoni*, 140 AD3d 782, 787 [2016]; *People v Mehmood*, 112 AD3d 850, 853 [2013]), and improperly suggested in his opening statement that the indictment constituted evidence of the defendant's guilt (*see People v Liverpool*, 35 AD3d 506, 506 [2006]; *People v Logan*, 221 AD2d 662, 663 [1995]), those comments were either sufficiently addressed by the Supreme Court's instructions to the jury or not so egregious as to have deprived the defendant of a fair trial (*see People v Labossiere*, 148 AD3d at 1185; *People v Bunting*, 146 AD3d 794, 795 [2017]; *People v Branch*, 63 AD3d 631, 632 [2009]; *People v Logan*, 221 AD2d at 663).

The defendant's contention that the Supreme Court failed to adequately instruct the jury as to reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Robinson*, 88 NY2d 1001, 1001-1002 [1996]). In any event, the defendant's contention is without merit because the jury instructions, taken as a whole, conveyed the correct standard to be employed with respect to reasonable doubt (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Cutting*, 150 AD3d 873 [2017]; *People v Page*, 137 AD3d 817, 817 [2016]; *People v Romero*, 123 AD3d 1147, 1148 [2014], *affd* 27 NY3d 981 [2016]).

The defendant's further contention that the Supreme Court failed to meaningfully respond to a jury note requesting

clarification is unpreserved for appellate review (*see People v Clark*, 28 NY3d 556, 566 [2016]) and, in any event, without merit (*see People v Malloy*, 55 NY2d 296, 301-303 [1982]; *People v Ariza*, 77 AD3d 844, 845 [2010]).

Contrary to the defendant's contention, his trial counsel's failure to preserve certain claims for appellate review did not constitute ineffective assistance of counsel (*see People v Wragg*, 26 NY3d 403, 411-412 [2015]; *People v Alphonso*, 144 AD3d 1168, 1169 [2016]; *People v Baught*, 138 AD3d 1129, 1130 [2016]). The record reveals that counsel provided meaningful representation (*People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Cruz*, 127 AD3d 987, 988 [2015]). Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.