People v Katzman (2018 NY Slip Op 03147)





People v Katzman


2018 NY Slip Op 03147


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA SGROI, JJ.


2016-12962
 (Ind. No. 1450/14)

[*1]The People of the State of New York, respondent,
v
Eyal Katzman, appellant.


James E. Neuman, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered November 23, 2016, convicting him of criminal sexual act in the third degree (four counts), patronizing a prostitute in the third degree (four counts), and endangering the welfare of a child (five counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Between October and November 2012, the defendant allegedly lured a 16-year-old high school student to his home and engaged in oral sexual conduct with her in exchange for money. For those alleged acts, the defendant was charged under Indictment No. 1450/14 with, inter alia, criminal sexual act in the third degree, patronizing a prostitute in the third degree, and endangering the welfare of a child. After the defendant's arrest, a second girl reported that, between September and November 2012, when she was 16 years old, the defendant had also lured her to his home and paid her money in exchange for engaging in oral and other sexual conduct with him. For those alleged acts, the defendant was charged under Indictment No. 284/15 with the same crimes as he was under Indictment No. 1450/14. In an order dated July 6, 2016, the Supreme Court granted the People's motion to consolidate the two indictments, and the two indictments were consolidated under Indictment No. 1450/14. After a jury trial, the defendant was convicted of four counts of criminal sexual act in the third degree, four counts of patronizing a prostitute in the third degree, and five counts of endangering the welfare of a child.
The Supreme Court did not improvidently exercise its discretion in consolidating the two indictments for a single trial. Both indictments charge crimes defined by the same statutory provisions and could properly be consolidated under CPL 200.20(2)(c) (see People v Renaud, 137 AD3d 818, 819-820; People v McCrae, 69 AD3d 759, 760). Moreover, the indictments could be consolidated under CPL 200.20(2)(b), as proof of the offenses charged in one indictment would be material and admissible as evidence in chief upon the trial of the other (see People v Burton, 83 AD3d 1562; People v Hussain, 35 AD3d 504, 505; People v Watson, 281 AD2d 691, 693). The defendant's claim that the court failed to instruct the jury with respect to its duty to consider the crimes separately is unpreserved for appellate review (see CPL 470.05[2]; People v Stewart, 178 AD2d 448), and, in any event, without merit (see People v Harris, 29 AD3d 387, 388).
The defendant's contention that certain comments made by the prosecutor in summation were improper and deprived him of a fair trial is unpreserved for appellate review since he either failed to object or asserted only a general objection to the remarks he now challenges (see CPL 470.05[2]; People v Kaval, 154 AD3d 875; People v Elder, 152 AD3d 787, 789). In any event, the contention lacks merit. The prosecutor's comment highlighting the defendant's failure to produce certain documentary evidence which he testified established the truth of his defense was not improper (see People v Tankleff, 84 NY2d 992, 994; People v Wongsam, 105 AD3d 980, 981; People v Floyd, 97 AD3d 837, 837-838; People v Overlee, 236 AD2d 133, 143). The prosecutor's other challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110), a fair response to defense counsel's summation (see People v Marcus, 112 AD3d 652, 653; People v Rogers, 106 AD3d 1029, 1030; People v Birot, 99 AD3d 933; People v Cox, 161 AD2d 724, 725), or do not require reversal as they were sufficiently addressed by the Supreme Court's instructions to the jury (see People v Elder, 152 AD3d at 789; People v Bunting, 146 AD3d 794, 795; People v Hamilton, 135 AD3d 958).
The defendant's claim that the Supreme Court, by the sentence it imposed, penalized him for refusing to accept a plea offer and exercising his right to a trial is unpreserved for appellate review as he failed to assert it at the sentencing hearing (see People v Hurley, 75 NY2d 887, 888; People v Perdomo, 154 AD3d 886). In any event, the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Martinez, 26 NY3d 196, 200; People v Perdomo, 154 AD3d at 887; People v Prince, 128 AD3d 987, 988).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court