People v Ransom (2019 NY Slip Op 02358)





People v Ransom


2019 NY Slip Op 02358


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-05082
 (Ind. No. 287/16)

[*1]The People of the State of New York, respondent,
v
Kenneth Ransom, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Gianpaolo Ciocco of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Barbara Kornblau of counsel; Joseph Ferencik on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Patricia Harrington, J.), rendered April 3, 2017, convicting him of driving while ability impaired by alcohol in violation of Vehicle and Traffic Law § 1192(1), aggravated unlicensed operation of a motor vehicle in the first degree, reckless driving, unlawful fleeing of a police officer in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are
satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court should have granted his motion for a mistrial based upon the admission of certain testimony of a police officer responsible for performing field sobriety tests is only partially preserved for appellate review (see CPL 470.05[2]). In any event, the court providently exercised its discretion in denying the motion (see People v Licausi, 122 AD3d 771, 773; People v Reaves, 112 AD3d 746, 747-748; People v Brown, 76 AD3d 532, 533; People v Arena, 70 AD3d 1044, 1046-1047).
The defendant's contention that the County Court failed to meaningfully respond to a jury note requesting clarification is unpreserved for appellate review (see People v Clark, 28 NY3d [*2]556, 566; People v Elder, 152 AD3d 787, 798-790) and, in any event, is without merit (see People v Robinson, 163 AD3d 1002, 1002; People v Mattison, 162 AD3d 905, 907; People v Mancusi, 161 AD3d 775, 776; People v Elder, 152 AD3d at 798-790; People v Williams, 150 AD3d 902, 904).
The defendant's contention that the verdict is repugnant is not preserved for appellate review (see People v Alfaro, 66 NY2d 985, 987; People v Lamb, 164 AD3d 1470, 1472) and, in any event, is without merit (see People v Lamb, 164 AD3d at 1472; People v Richards, 164 AD3d 1378, 1379; People v Barnette, 150 AD3d 1136, 1137).
We find no merit to the defendant's contention that the hearing court should have suppressed a statement he made to the arresting officer at the police station house approximately two hours after his arrest, which was identical in content to a suppressed statement the defendant made at the scene. The station house statement was made after the defendant had invoked his right to remain silent, during routine processing by the arresting officer of the defendant's pedigree information. That the officer may have disclosed the charges being brought against the defendant, possibly in response to a question from the defendant, under these circumstances, did not transform the pedigree questioning into custodial interrogation (see People v Smith, 117 AD2d 690) or render the statement involuntary (see People v Hamilton, 156 AD2d 467, 468; People v Plock, 146 AD2d 652). Moreover, despite the defendant's contentions to the contrary, there was no evidence adduced at the hearing, at which the defendant did not testify, "to support his claim that his [second statement] was made on constraint of the prior inadmissible statement[ ] under the cat out of the bag' theory" (People v Rifkin, 289 AD2d 262, 263; see People v Morgan, 277 AD2d 331, 331; People v James, 253 AD2d 438, 440; People v Schultz, 187 AD2d 466, 467).
The defendant contends that he was deprived of a fair trial by prosecutorial misconduct. The prosecutor improperly referenced the first, suppressed statement during her opening statement, improperly elicited testimony from the arresting officer regarding the suppressed statement, and improperly referred to the suppressed statement on summation. However, the defendant did not raise any objections to any of these references to the suppressed statement. Consequently, the defendant's contention on appeal regarding the prosecutor's references to the suppressed statement is unpreserved for appellate review (see People v Perez-Olivo, 127 AD3d 1110, 1111; People v Bonds, 118 AD3d 717, 719). In any event, the prosecutor's conduct did not deprive the defendant of a fair trial (see People v Warden, 166 AD3d 817, 819; People v Bethea, 159 AD3d 710, 712), and any other error was harmless, as the evidence of the defendant's guilt, without reference to the suppressed statement, was overwhelming, and there was no reasonable possibility that the jury would have acquitted him but for the prosecutor's conduct (see People v Ellis, 166 AD3d 993, 995; People v Gaskin, 78 AD2d 877, 877).
The defendant's remaining contention is without merit.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court