People v Brown (2019 NY Slip Op 03066)





People v Brown


2019 NY Slip Op 03066


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-11640
 (Ind. No. 7684/14)

[*1]The People of the State of New York, respondent,
v
Sheron Brown, appellant.


Paul Skip Laisure, New York, NY (Benjamin Welikson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Caroline R. Donhauser of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Harrington, J.), rendered November 13, 2015, convicting him of operating a motor vehicle while ability impaired, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of operating a vehicle while ability impaired. Before trial, a hearing was held on the People's motion in limine which sought permission to admit the results of a portable breath test which had been administered to the defendant after the vehicle he was driving had been pulled over. The Supreme Court precluded the People from introducing evidence concerning the result of the portable breath test, as it had not been established that the result was reliable. The defense then requested permission to elicit testimony that the officer who administered the test failed to follow certain protocols with respect thereto. The court found that such testimony was irrelevant, in light of the preclusion of evidence of the result of the test. The court also rejected the defense argument thereafter, that the People's opening statement opened the door to the admission of evidence concerning the failure to follow protocols for administering the portable breath test.
"As a general rule, evidence is relevant if it tends to prove the existence or non-existence of a material fact, i.e., a fact directly at issue in the case. Relevant evidence, however, is not necessarily admissible. A court may, in its discretion, exclude relevant evidence if its probative value is outweighed by the prospect of trial delay, undue prejudice to the opposing party, confusing the issues or misleading the jury. Evidence of merely slight, remote or conjectural significance will ordinarily be insufficiently probative to outweigh these countervailing risks" (People v Primo, 96 NY2d 351, 355-356 [internal quotation marks and citations omitted]). Here, we agree with the Supreme Court's determination that the evidence concerning the failure to follow portable breath test protocols was irrelevant in light of the preclusion of evidence of the result of that test.
The defendant's argument that he was denied a fair trial by the People's summation is unpreserved for appellate review (see CPL 470.05[2]; People v Balls, 69 NY2d 641, 642). In any [*2]event, the argument is without merit, as the challenged remarks were either fair comment on the evidence, responsive to the defense summation, or not so egregious as to deny the defendant a fair trial (see People v Ashwal, 39 NY2d 105, 109-110; People v Mairena, 160 AD3d 986, 988, lv granted 31 NY3d 1150; People v Elder, 152 AD3d 787, 789).
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court