People v Yegutkin (2019 NY Slip Op 07102)





People v Yegutkin


2019 NY Slip Op 07102


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2013-01738
 (Ind. No. 902/09)

[*1]The People of the State of New York, respondent,
v
Emanuel Yegutkin, appellant.


Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered February 7, 2013, convicting him of course of sexual conduct against a child in the first degree (three counts), course of sexual conduct against a child in the second degree (two counts), criminal sexual act in the second degree (sixteen counts), sexual abuse in the second degree (twenty-seven counts), sexual abuse in the third degree (twenty-four counts), and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the convictions of sexual abuse in the third degree under counts 80, 87, 98, 107, and 108 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant was accused of repeatedly sexually abusing two young male victims and of showing a third young male victim pornographic images and videos. Following a jury trial, the defendant was found guilty of seventy-five of the counts alleged in the indictment.
The defendant's challenge to the legal sufficiency of the evidence establishing his guilt of criminal sexual act in the second degree under count 9 of the indictment and sexual abuse in the third degree under counts 80, 87, 98, 107, and 108 of the indictment is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). Nevertheless, we reach the defendant's contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]; People v Vazquez, 153 AD3d 643, 644). The People failed to present legally sufficient evidence to establish the defendant's guilt of sexual abuse in the third degree under count 80 of the indictment because the evidence did not demonstrate that the victim's hand made sexual contact with the defendant's penis (see Penal Law §§ 130.00[3]; 130.55). Similarly, the evidence was not legally sufficient to establish the defendant's guilt of sexual abuse in the third degree under counts 87 and 107 of the indictment because the evidence did not demonstrate that the victim's hand touched the defendant's penis, or that the defendant rubbed his penis against the victim's buttocks. Additionally, there was legally insufficient evidence to establish the defendant's guilt of sexual abuse in the third degree under counts 98 and 108 of the indictment because the victim, in effect, admitted that the defendant did not subject him to sexual contact during the time period alleged in these counts of the [*2]indictment. However, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), the evidence introduced at trial was legally sufficient to establish the defendant's guilt of criminal sexual act in the second degree under count 9 of the indictment beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of the crimes of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, sexual abuse in the second degree, criminal sexual act in the second degree, sexual abuse in the third degree, and endangering the welfare of a child under the remaining 70 counts of the indictment was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 646).
The defendant contends that the Supreme Court erred in permitting the prosecutor to introduce rebuttal evidence from a male witness that the defendant had previously propositioned the witness to engage in sexual conduct with him. However, contrary to the defendant's contention, the court providently exercised its discretion in permitting the prosecutor to introduce this testimony for the purpose of rebutting evidence elicited by the defendant that, because of his religious beliefs, he would not engage in any of the acts of sexual abuse that he was accused of, which involved, among other things, mutual masturbation with male victims. The defendant testified that he was a "very observant" Orthodox Jewish person, who followed "strict standards," and that, in the Orthodox Jewish religion, masturbating, or "wast[ing] your seed" in any form, was a "sin" for which "[t]here would be a punishment coming from heaven, from [G]od." The defendant testified that homosexual conduct was likewise a sin in his faith, and that "wasting seed" included homosexual acts. He explained that on a scale of 1 to 10, with 10 being the worst sin, "wasting seed" was a "10." Additionally, the defendant called two Rabbis as witnesses to testify that the defendant was "[v]ery serious and committed" to the observances and practices of the Jewish religion. One of the Rabbis, who was deemed an expert in Jewish laws, customs and practices, also testified that masturbation was forbidden "by the laws of Judaism."
Thus, the rebuttal witness's testimony that the defendant previously attempted to persuade him to participate in mutual masturbation was highly probative to rebut the defendant's defense that he would not engage in any of the charged conduct because of his religious beliefs (see People v Harris, 57 NY2d 335, 345; People v Castaneda, 173 AD2d 349, 350), and the probative value of this evidence outweighed the risk of prejudice to the defendant (see People v Hankerson, 165 AD3d 1285, 1287; People v Sheehan, 105 AD3d 873, 875). Moreover, any potential for prejudice was alleviated by the Supreme Court's limiting instruction, which was timely given and repeated during the court's final charge to the jury (see People v Hankerson, 165 AD3d at 1287; People v Delarosa, 84 AD3d 832, 834).
The defendant contends that he was denied a fair trial due to certain remarks made by the prosecutor during summation. However, most of the challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105) or fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396; People v Moore, 29 AD3d 825, 825-826). To the extent that some of the prosecutor's remarks were improper, the cumulative effect of these improper remarks did not deprive the defendant of a fair trial (see People v Johnson, 159 AD3d 833, 835; People v Sukhu, 157 AD3d 973, 974; People v Wilson, 163 AD3d 881, 882; People v Labossiere, 148 AD3d 1183, 1185; People v McDonald, 79 AD3d 771, 772).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
BALKIN, J.P., ROMAN, BRATHWAITE-NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court