People v Tellado (2020 NY Slip Op 01938)





People v Tellado


2020 NY Slip Op 01938


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-07581
 (Ind. No. 9681/16)

[*1]The People of the State of New York, respondent,
v
Luis Tellado, appellant.


Janet E. Sabel, New York, NY (Iván Pantoja of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), imposed May 3, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, ____ NY3d ____, 2019 NY Slip Op 08545 [2019]). The Supreme Court stated to the defendant that his waiver of the right to appeal meant that "no one [was] going to give [him] an attorney transcript [sic], or any help whatsoever, to appeal," and "[n]o judge or group of judges is going to review anything I have done or any other judge might have done in this case." These statements "utterly mischaracterized the nature of the right a defendant was being asked to cede'" (People v Thomas, ____ NY3d at ____, 2019 NY Slip Op 08545, *6, quoting People v Lopez, 6 NY3d 248, 257), and incorrectly suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, ____ NY3d at ____, 2019 NY Slip Op 08545, *5). The written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal, as it did not contain clarifying language that appellate review remained available for select issues, and, in any event, the court failed to confirm that the defendant understood the content of the written waiver (see People v Thomas, ____ NY3d at ____, 2019 NY Slip Op 08545, *6-7). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court