People v Dixon (2020 NY Slip Op 03527)





People v Dixon


2020 NY Slip Op 03527


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-08067 
2018-14455

[*1]The People of the State of New York, respondent,
v
Joseph Dixon, appellant. (Ind. Nos. 9104/15, 6471/16)


Paul Skip Laisure, New York, NY (Anna Kou of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sullivan & Cromwell, LLP [Christopher M. Weldon], of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), both rendered April 19, 2017, convicting him of attempted assault in the second degree under Indictment No. 9104/15, upon a jury verdict, and criminal possession of a controlled substance in the third degree under Indictment No. 6471/16, upon his plea of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
With respect to the appeal from the judgment rendered under Indictment No. 9104/15, the defendant's contention that the prosecutor made improper remarks during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912). In any event, certain of the prosecutor's remarks were improper, including those which, among other things, denigrated the defendant and could have been intended to evoke the jury's sympathy (see People v Cunningham, 171 AD3d 1207, 1208; People v Bunting, 146 AD3d 794, 795). Nevertheless, the defendant was not deprived of a fair trial by the prosecutor's remarks, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error in this regard might have contributed to his conviction (see People v Crimmins, 36 NY2d 230, 241-242; People v Cherry, 163 AD3d 706, 707).
Moreover, defense counsel's failure to object to certain improper comments made by the prosecutor on summation did not deprive the defendant of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147; People v Bunting, 146 AD3d at 795).
Additionally, the sentence imposed upon the defendant's conviction of attempted assault in the second degree was not excessive (see People v Suitte, 90 AD2d 80).
With respect to the appeal from the judgment rendered under Indictment No. 6471/16, [*2]the defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545; People v Tellado, 181 AD3d 830, 831). When explaining the waiver of the right to appeal, the Supreme Court stated to the defendant, "[s]o what this means is you're not going to have any help or any lawyer to help you effect an appeal on the conviction or any lawful sentence that I impose. Nobody is going to provide you with transcripts or any other help." These statements "utterly mischaracterized the nature of the right a defendant was being asked to cede'" (People v Thomas, 34 NY3d at 565, quoting People v Lopez, 6 NY3d 248, 257), and incorrectly suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d at 564; People v Tellado, 181 AD3d at 831). The written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal as it did not contain clarifying language that appellate review remained available for select issues (see People v Tellado, 181 AD3d at 831). Thus, the purported waiver does not preclude appellate review of this excessive sentence claim.
However, the sentence imposed upon the defendant's conviction of criminal possession of a controlled substance in the third degree was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court