People v Richards (2024 NY Slip Op 00784)

People v Richards

2024 NY Slip Op 00784

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-06789
2022-06790

[*1]The People of the State of New York, respondent,
v
Roy Richards, appellant. (Ind. Nos. 1450/20, 73331/21)

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Marie John of counsel; Rebecca Siegel on the memorandum), for respondent.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (Phyllis Chu, J.), both imposed July 29, 2022, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545). The Supreme Court stated to the defendant that his waiver of the right to appeal meant that "no one will provide you with counsel, transcripts or any other help to appeal these convictions," and "no judge, [or] group of judges will review anything any other judges have done in these cases." These statements "utterly mischaracterized the nature of the right [the] defendant was being asked to cede" (id. at 565 [internal quotation marks omitted]), and incorrectly suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Dixon, 184 AD3d 854, 855). Under the circumstances of this case, the written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal, as the court failed to confirm that the defendant understood the content of the written waiver (see People v Tellado, 181 AD3d 830, 831). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., WOOTEN, WARHIT, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court