People v Alexander (2024 NY Slip Op 01722)

People v Alexander

2024 NY Slip Op 01722

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LILLIAN WAN, JJ.

2022-08455
 (Ind. No. 2110/19)

[*1]The People of the State of New York, respondent,
v
Steven Alexander, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel; Darci Siegel on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), imposed September 29, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545). Among other things, during the appeal waiver colloquy, the Supreme Court did not explain what an appeal is or that if the defendant could not afford the costs of an appeal or of an attorney to represent him on appeal, the State would bear those costs. Further, the court stated to the defendant that his waiver of the right to appeal meant that "[no] judge or group of judges will review anything I say or anything any other judge has done in this case." This statement mischaracterized the nature of the right that the defendant was being asked to give up and incorrectly suggested that the waiver may be an absolute bar to the taking of an appeal (see id. at 562-565; People v Dixon, 184 AD3d 854, 855; People v Tellado, 181 AD3d 830, 831). In light of the defendant's age, ninth-grade education, and lack of experience with the criminal justice system, the written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal (see People v D.A., 184 AD3d 581, 583). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, MILLER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court